## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
                              )
MOB MUSIC PUBLISHING, et al., )
                              )
            Plaintiffs,       )
                              )  Civil Action No. 08-1617(EGS)
            v.                )
                              )
ZANZIBAR ON THE               )
WATERFRONT, LLC, et al.,      )
                              )
            Defendants.       )
                              )
```

<u>**MEMORANDUM OPINION**</u>

This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. § 101.  Plaintiffs allege that defendants infringed their copyrights by giving unauthorized public performances of six musical compositions at defendants' establishment, Zanzibar on the Waterfront Restaurant. Pending before the Court is Plaintiffs' Motion for Summary Judgment.  Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment.

## I.   BACKGROUND

### A.   The Parties

Plaintiffs are the purported owners of six musical compositions at issue in this action: (i) Plaintiff MOB Music Publishing purportedly owns the copyright to "Cha Cha Slide"; (ii) Plaintiff Marley Marl Music, Inc. purportedly owns the

copyright to "Around the Way Girl"; (iii) Plaintiffs WB Music Corp., Ain't Nothing But Funkin' Music, Music of Windswept, Blotter Music, Elvis Mambo Music, and Curtis James Jackson d/b/a 50 Cent Music purportedly own the copyright to "In Da Club"; (iv) Plaintiffs Odnil Music Limited and Fifty-Six Hope Road Music Limited are the purported owners of the copyright to "Jamming"; (v) Plaintiffs Odnil Music Limited and Fifty-Six Hope Road Music Limited purportedly own the copyright to "Is This Love"; and (vi) EMI April Music Inc., Big Poppa Music, and Bovina Music purportedly own the copyright to "Big Poppa." Plaintiffs' Statement of Material Facts ("Pls.' SMF") ¶ 1.[1]

Defendant Zanzibar on the Waterfront, LLC is the owner and operator of Zanzibar on the Waterfront Restaurant - a nightclub and restaurant located in the District of Columbia, where live music is routinely performed. Pls.' SMF ¶¶ 2-4. Defendant Michel L. Daley is the managing member of Zanzibar on the Waterfront, LLC. Pls.' SMF ¶ 7. In his capacity as managing member, Defendant Daley performs a variety of functions for Zanzibar on the Waterfront Restaurant, including obtaining insurance, making bank deposits, signing checks, hiring and

---

[1]    As discussed *infra*, in Section III.A.1, defendants dispute plaintiffs' ownership of the copyrights to these musical compositions. All other references to plaintiffs' statements of material facts included herein, however, are undisputed by defendants.

firing employees, marketing and promoting the restaurant, entering into licensing agreements for the restaurant, and handling all legal matters – including lawsuits.  Pls.' SMF ¶¶ 8, 9.

**B.   ASCAP**

Each plaintiff in this action is a member of the American Society of Composers, Authors and Publishers ("ASCAP"), to which they have granted a nonexclusive right to license non-dramatic public performances of their copyrighted musical compositions. Pls.' Mot. at 2.  On behalf of plaintiffs and its more than 360,000 members, ASCAP issues licenses to thousands of television networks, radio stations, nightclubs, restaurants, and other establishments whose owners desire to have public performances of copyrighted musical compositions in the ASCAP repertory.  Pls.' Mot. at 2.

Defendants were licensed to have live performances of any of the hundreds of thousands of works in the ASCAP repertory for periods prior to August 15, 2006.  Pls.' SMF ¶ 15.  Effective August 15, 2006, however, ASCAP terminated defendants' license for failure to pay license fees.  Pls.' SMF ¶ 15.  Although ASCAP representatives made repeated offers to reinstate the license of Zanzibar on the Waterfront, defendants have failed to renew their ASCAP license.  Pls.' SMF ¶ 16.  Accordingly, defendants have

been without a license to have live performances of musical compositions in the ASCAP repertory since August 15, 2006.

### c.   **This Action**

On the evening of November 16, 2007, an investigator for ASCAP visited Zanzibar on the Waterfront Restaurant for the purpose of "making a contemporaneous list of the titles of all musical compositions performed during [his] visit which [he] was able to recognize." Pls.' Ex. J, Declaration of Kevin McDonough ("McDonough Decl.") ¶ 4.  During his visit, the ASCAP investigator heard performances of five songs in the ASCAP repertory: "Cha Cha Slide," "Around the Way Girl," "In Da Club," "Jamming," and "Is This Love." McDonough Decl. ¶ 6.  Plaintiffs filed suit against defendants on September 19, 2008, alleging that these musical compositions were performed in violation of the Copyright Act.

On February 1, 2009 – while this lawsuit was pending – ASCAP sent another investigator to Zanzibar on the Waterfront Restaurant. *See* Pls.' Ex. K, Declaration of Mark Eanes ("Eanes Decl.").  During this visit, the ASCAP investigator heard the performance of "Big Poppa" – another musical composition in the ASCAP repertory. *See* Eanes Decl. ¶ 6.  Accordingly, on April 16, 2009, plaintiffs amended their complaint to include a claim for this alleged infringement.

A scheduling order was entered in this action on February 6, 2009, which provided for four months of fact and expert discovery. *See* Docket No. 21. Discovery closed in this action on June 12, 2009. On June 24, 2009, the Court held a status hearing in the case, at which time a briefing schedule for summary judgment was implemented.

On August 24, 2009, plaintiffs filed a motion for summary judgment. Plaintiffs seek (i) statutory damages in the amount of $10,000 for each cause of action, for a total of $60,000; (ii) an injunction prohibiting further infringing performances of any copyrighted musical compositions in the ASCAP repertory; and (iii) reasonable attorney's fees and costs. *See* Pls.' Mot. at 3, 24. Defendants oppose the motion and ask the Court to, sua sponte, enter summary judgment in defendants' favor. *See* Defs.' Opp'n Br. at 1. Alternatively, defendants seek additional discovery pursuant to Federal Rule of Civil Procedure 56(f) related to the circumstances surrounding Bob Marley's composition of "Jamming" and "Is This Love." *See generally* Defs.' Ex. A, Affidavit of Ronald C. Jessamy, Sr. ("Jessamy Aff."). Plaintiffs' motion for summary judgment is now ripe for determination by the Court.

## II.  STANDARD OF REVIEW

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and

that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. Dist. of Columbia*, 298 F. 3d 989, 991 (D.C. Cir. 2002). A fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Steele v. Schafer*, 535 F. 3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Facts are material if they "'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact. *Celotex*, 477 U.S. at 322. In determining whether a genuine issue of material facts exists, the Court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986); *Keyes v. Dist. of Columbia*, 372 F. 3d 434, 436 (D.C. Cir. 2004). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Celotex*, 477 U.S. at 324.

## III. ANALYSIS

### A. Copyright Infringement

"A plaintiff seeking to establish copyright infringement must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Stenograph LLC v. Bossard Assoc., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). In the music performance context, these requirements have been alternatively stated as: (1) originality and authorship of the compositions involved; (2) compliance with the formalities required to secure a copyright; (3) plaintiff's ownership of the copyright; and (4) defendant's public performance of the compositions. *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 504 (E.D. Va. 2009).

#### 1. <u>Ownership of a Valid Copyright</u>

To establish ownership of valid copyrights to the musical compositions at issue in this case, plaintiffs have filed copies of the copyright registration certificates for each musical composition as well as other pertinent documents demonstrating chain of title. *See generally* Pls.' Ex. B. Because these copyright registration certificates constitute prima facie evidence of plaintiffs' valid copyrights, *see* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the

work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."),[2] defendants have the burden of establishing the invalidity of plaintiffs' titles. *See, e.g.*, *Saenger Org. v. Nationwide Ins. Licensing Assocs.*, 119 F.3d 55, 59 (1st Cir. 1997) ("[A] certificate of copyright registration constitutes *prima facie* evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid." (internal quotation marks omitted)).

Defendants contest plaintiffs' ownership of the copyrights, arguing that "[t]he record demonstrates that plaintiffs have not produced evidence that they own the copyrights to the works that are subject of the complaint." Defs.' Opp'n Br. at 3. First, with regards to the songs "Cha Cha Slide," "Around the Way Girl,

---

[2]     *See, e.g.*, *Joelsongs v. Shelley Broad. Co., Inc.*, 491 F. Supp. 2d 1080, 1083 (M.D. Ala. 2007) (finding that plaintiffs satisfied the first element of copyright infringement "by submitting copies of the copyright registration certificates which, pursuant to 17 U.S.C. § 410(c), constitute prima-facie evidence of copyright ownership"); *Odnil Music Ltd. v. Katharsis LLC*, No. 05-545, 2006 WL 2545869, at *5 (E.D. Cal. July 21, 2006)(same); *Simpleville Music v. Mizell*, 451 F. Supp. 2d 1293, 1296 (M.D. Ala. 2006) (same); *Flyte Tyme Tunes v. Miszkiewicz*, 715 F. Supp. 919, 921 (E.D. Wisc. 1989) (same); *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478, 481 (N.D. Ohio 1984) (same); *see also Van Halen Music v. Palmer*, 626 F. Supp. 1163, 1165 (W.D. Ark. 1986) ("A prima facie case as to the first three elements [of infringement of copyright in musical compositions] may be made by submitting certified copies of copyright registration certificates and any subsequent assignments." (citing cases)).

"In Da Club," and "Big Poppa," defendants argue that the
copyright registration certificates are insufficient to establish
copyright ownership "because the copyright registrants are not
the plaintiffs" and "the plaintiffs have not produced any
evidence of [a] written and signed transfer of ownership."
Defs.' Opp'n Br. at 5. Second, with regards to the songs
"Jamming" and "Is This Love," defendants argue that the copyright
registration certificates – which list the registrant of the
copyright as "Bob Marley Music Ltd., employer for hire of Bob
Marley" – are improper because "a musical composition cannot be a
work for hire." Defs.' Opp'n Br. at 7-8. Defendants assert that
because "Jamming" and "Is This Love" are not valid "works for
hire," Bob Marley Music Ltd. Inc. lacked authority to transfer
the copyrights to plaintiffs, thereby invalidating plaintiffs'
claims of ownership. These arguments will be explored in turn.

       i. "Cha Cha Slide," "Around the Way Girl, "In Da
          Club," and "Big Poppa"

As discussed above, defendants argue that plaintiffs have
failed to establish ownership of the copyrights for the musical
compositions "Cha Cha Slide," "Around the Way Girl, "In Da Club,"
and "Big Poppa" because "[e]ach plaintiff in the instant case is
bringing suit as an assignee, yet none of the plaintiffs have
shown evidence of a chain of title from the author of the work to
them." Defs.' Opp'n Br. at 5. In light of the evidence

presented in this case, the Court finds defendants' argument
unpersuasive.

Specifically, the original copyright registration forms for
"Cha Cha Slide," "Around the Way Girl, "In Da Club," and "Big
Poppa" list the plaintiffs in this action as the copyright
claimants. *See* Pls.' Ex. B-A (copyright registration form for
"Cha Cha Slide," which lists plaintiff MOB Music Publishing as
the "copyright claimant" and states that plaintiff obtained
ownership of the copyright by "transfer of rights by author");
Pls.' Ex. B-B (copyright registration form for "Around the Way
Girl," which lists plaintiff Marley Marl Music Inc. as the
"copyright claimant" and states that plaintiff obtained ownership
of the copyright "by written agreement"); Pls.' Ex. B-C
(copyright registration form for "In Da Club," which lists
plaintiffs Curtis James Jackson, WB Music Corp., Ain't Nothing
But Funkin' Music, Music of Windswept, Blotter Music, and Elvis
Mambo Music as copyright claimants and states that plaintiffs
obtained ownership of the copyright "by written agreement");
Pls.' Ex. B-F (copyright registration form for "Big Poppa," which
lists plaintiffs EMI April Music Inc., Big Poppa Music, and
Bovina Music as copyright claimants and states that plaintiffs
obtained ownership of the copyright "by virtue of written
agreement"). Because plaintiffs are listed as the copyright
claimants on the certificates of registration, they have

satisfied their initial burden of demonstrating copyright

ownership.  As the leading treatise on this issue explains:

> If the plaintiff was the author of the work in issue,
> he has no problem of proof beyond proving such
> authorship in establishing his ownership of the
> copyright. Where, however, the plaintiff claims not as
> author but as a direct or mesne assignee of the author,
> the question arises as to where the burden of proof
> lies in establishing the chain of title. Here, a
> distinction must be observed between a plaintiff who,
> as assignee of the copyright, (either common law or
> statutory), first registered a claim of statutory
> copyright in his name, and a plaintiff who was merely
> an assignee of a previously registered copyright. As
> the former has obtained a certificate of registration
> that constitutes *prima facie* evidence of the validity
> of his copyright, and of the facts stated therein, the
> defendant has the burden of controverting the
> plaintiff's chain of title. However, an assignee of a
> previously registered statutory copyright has the
> burden of proving his chain of title because nothing in
> the registration certificate evidences his right to
> claim through the original copyright claimant. Once
> such evidence is offered by the plaintiff, the burden
> shifts to the defendant to establish the invalidity of
> plaintiff's title.

3-12 Nimmer on Copyright § 12.11[C]; *see also Marobie-FL, Inc. v.*

*Nat'l Assoc. of Fire Equip. Distribs.*, 983 F. Supp. 1167, 1173

(N.D. Ill. 1997) ("A plaintiff's chain of title from the author

is presumed by reason of the registration certificate where the

plaintiff obtained an assignment of rights prior to

registration.").  As defendants have produced no evidence to

controvert plaintiffs' chain of title to the songs "Cha Cha

Slide," "Around the Way Girl, "In Da Club," and "Big Poppa," the

Court concludes that plaintiffs have established their ownership of valid copyrights for these musical compositions.

ii.  "Jamming" and "Is This Love"

Next, defendants argue that plaintiffs have failed to establish rightful ownership of "Jamming" and "Is This Love."  As a threshold matter, plaintiffs have produced chain-of-title evidence demonstrating assignment of the copyrights from Bob Marley Music Ltd. to Plaintiffs Odnil Music Limited and Fifty-Six Hope Road Music Limited.  *See* Pls.' Ex. B-D (copyright registration form for "Is This Love," which lists the author as "Bob Marley Music Ltd. employer for hire of Bob Marley"; certificates of assignment documenting transfer of ownership from Bob Marley Music Ltd. to Odnil Music Limited and Fifty-Six Hope Road Music Limited); Pls.' Ex. B-E (copyright registration form for "Jamming," which lists the author as "Bob Marley Music Ltd. employer for hire of Bob Marley"; certificates of assignment documenting transfer of ownership from Bob Marley Music Ltd. to Odnil Music Limited and Fifty-Six Hope Road Music Limited). Defendants, however, ask the Court to reject this evidence, arguing that Bob Marley Music Ltd. did not own the copyrights for "Jamming" and "Is This Love" – as is stated on the copyright registration forms – because these songs are not valid "works for

hire."[3] Defendants argue that because these songs cannot qualify as works for hire, only Bob Marley – not Bob Marley Music Ltd. – had the authority to transfer ownership of the musical compositions, thereby rendering plaintiffs' subsequent assignments of the copyrights invalid. *See* Defs.' Opp'n Br. at 7 ("Because these were not valid 'works for hire,' the copyrights for 'Jamming' and 'Is This Love' vested in Bob Marley (the individual), not Bob Marley Music Ltd. The Plaintiffs have made no showing that Bob Marley transferred ownership of these two songs to anyone let alone the Plaintiffs Odnil Music Limited and Fifth Six Hope Road Music Limited."). The Court finds this argument unpersuasive.

As discussed above, copyright registration certificates – together with certificates of assignment – constitute prima facie evidence of a party's ownership of a valid copyright. In this case, Odnil Music Limited and Fifty-Six Hope Road Music Limited submitted the copyright registration certificates for "Jammin" and "Is This Love." Defendants' idle assertions regarding the possibility that these Bob Marley songs were improperly

---

[3]    The work for hire doctrine is an exception to the general rule in copyright that the author is the original owner of a work. Section 201(b) of the Copyright Act provides that "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b).

registered as "works for hire" – as well as defendants other unsupported evidentiary complaints – are simply insufficient to create a genuine issue of material fact as to plaintiffs' ownership of the songs. *See Ginger v. District of Columbia*, 527 F.3d 1340, 1347 (D.C. Cir. 2008) ("'[A] mere unsubstantiated allegation . . . creates no genuine issue of fact and will not withstand summary judgment.'"(quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993))); *see also Varry White Music v. Banana Joe's of Akron,* No. 05-1074, 2002 U.S. Dist. LEXIS 25736, at *11-13 (N.D. Ohio 2002) (finding that the defendants' "naked assertions and blanket denials" regarding the validity of the copyright registration certificates filed by the plaintiffs were "insufficient to create a genuine issue of material fact as to the first three elements of an infringement claim").[4]  The Court concludes, therefore, that plaintiffs have established their ownership of valid copyrights for "Jamming" and "Is This Love." *See also Odnil Music Ltd. v. Katharsis LLC*, No. 05-545, 2006 WL 2545869, at *5 (E.D. Cal. July 21, 2006) (finding that Odnil Music Limited and Fifty-Six Hope Road Music Limited "conclusively

---

[4]     Plaintiffs also persuasively argue that "[i]f Defendants are allowed to prevail with their arguments, then every copyright infringer will be able to dispute copyright ownership based on valid registration certificates with baseless speculation, unsupported by any evidence, and thereby eviscerate the statutory command that a copyright registration certificate 'shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'"  Pls.' Reply Br. at 15 (quoting 17 U.S.C. § 410(c)).

establish[ed]" their ownership of a copyright for "Jamming" and
three other Bob Marley songs "by proffering into evidence the
copies of copyright registration certificates and other pertinent
documents," and rejecting the defendants' unsupported contentions
regarding the plaintiffs' ownership of the copyrights).[5]

---

[5]     Pursuant to Federal Rule of Civil Procedure 56(f),
defendants also request leave to conduct additional discovery "to
determine the circumstances of [the] compositions" of "Jamming"
and "Is This Love." *See generally* Defs.' Ex. A, Jessamy Aff.
¶¶ 3-6.  The Court finds defendants' request – which was filed
after the close of discovery and, indeed, after plaintiffs had
filed their motion for summary judgment pursuant to a schedule
agreed upon by the parties – to be both dilatory and speculative.
Defendants' assertion that "[i]t is unclear from the discovery
provided by plaintiffs to date and from the limited evidence
provided with their motion whether these two songs were, in fact,
'works for hire' or if they were created 'in the scope of
employment,'" Jessamy Aff. ¶ 4 – "without any supporting facts to
justify the proposition that the discovery sought will produce
the evidence required," *Messina v. Krakower*, 439 F.3d 755,762
(D.C. Cir. 2006) (internal quotation marks omitted) – appears to
this Court to be nothing more than a last-minute attempt to take
out-of-time discovery in the hopes of potentially garnering the
evidence necessary to rebut plaintiffs' prima facie case.  As
plaintiffs explain: "[I]f this were a legitimate request,
Defendants should have properly requested additional documents
when they received the copyright certificates, which was before
the close of discovery.  Defendants could have, at the very
least, sought to take further discovery well before Plaintiffs
prepared and filed their summary judgment motion.  They did not
do so and Plaintiffs should not be made to suffer for Defendants'
inaction."  Pls.' Reply Br. at 22.  Accordingly, the Court **DENIES**
defendants' request for Rule 56(f) discovery substantially for
the reasons set forth in plaintiffs' reply brief.  *See* Pls.'
Reply Br. at 18-22 (explaining why defendants' request for
additional discovery is inappropriate, and providing
documentation that was presented to defense counsel before the
end of the discovery period regarding plaintiffs' intent to rely
upon the copyright registration certificates and related
documentation to establish plaintiffs' ownership of the
copyrights to "Jamming" and "Is This Love").

Accordingly, the Court finds that plaintiffs have established proof of ownership of all musical compositions at issue in this case.

> 2.    Defendants' Public Performance of the Musical Compositions

In order to establish copyright infringement, plaintiffs must also establish that the six copyrighted musical compositions owned by plaintiffs were performed at the Zanzibar on the Waterfront Restaurant without plaintiffs' permission.  The affidavits of Kevin McDonough and Mark Eanes – the ASPAC investigators – establish proof of the infringing behavior.  *See* Pls.' Exs. J, K.  Although defendants have generally denied that the musical compositions were performed at the restaurant on the dates alleged, they have offered no affirmative proof that the compositions were not performed.  *See* Defs.' Response to Pls.' SMF ¶¶ 15-16 ("Defendants do not know what songs were played in their club on the dates in questions.").  Nor have defendants offered any evidence that they received permission from the individual plaintiffs to perform the disputed musical compositions.  *See* Pls.' Ex. E-1, Daley Dep. Tr. Vol. 1 at 119-120) (testimony of Defendant Daley indicating that he had no reason to believe that any of the plaintiffs gave Zanzibar on the Waterfront Restaurant permission to play any of musical compositions at issue in this action).  Defendants, therefore,

have failed to raise a genuine issue of fact necessary to defeat plaintiffs' motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]").

In sum, the Court concludes that plaintiffs' have established that defendants unlawfully infringed upon their copyrights for "Cha Cha Slide," "Around the Way Girl, "In Da Club," "Big Poppa," "Jamming," and "Is This Love" through the unauthorized performance of these musical compositions at Zanzibar on the Waterfront Restaurant on November 17, 2007 and February 1, 2009. Accordingly, the Court hereby **GRANTS** plaintiffs' motion for summary judgment.

### B. Joint Liability

Plaintiffs contend that both defendants are jointly liable for the copyright infringements alleged in their First Amended Complaint. Pls.' Mot. at 14-18. With respect to Defendant Daley, plaintiffs argue that he may be held vicariously liable for the copyright infringements because, *inter alia*, (i) he is the managing member of Zanzibar on the Waterfront, LLC and is held out to the public as such, Pls.' SMF ¶¶ 7, 9; (ii) he has a supervisory role with respect to the operations of Zanzibar on the Waterfront Restaurant, SMF ¶¶ 8-9; (iii) he has the right and ability to supervise the decision of which music is performed at

Zanzibar on the Waterfront Restaurant, Pls.' Ex. E-1, Daley Dep.
Tr. Vol. 1 at 69-70, 127; and (iv) he derives a direct financial
benefit from the operation of Zanzibar on the Waterfront in the
form of a salary and dividends, Pls.' SMF ¶ 10. Defendants do
not dispute these facts, nor do they respond to plaintiffs'
arguments in their opposition brief. The Court will
nevertheless, however, briefly review the law of vicarious
liability.

It is well established that an individual may be held
vicariously liable for copyright infringement if he (i) has the
"right and ability" to supervise the infringing activity and (ii)
has a "direct financial interest" in such activities. *Rilting
Music, Inc. v. Speakeasy Enters., Inc.*, 706 F. Supp. 550, 556
(S.D. Ohio 1988) (discussing the widely-applied, two-prong test
for vicarious liability in a copyright infringement case
established in *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316
F.2d 304 (2d Cir. 1963)). The imposition of liability on a
controlling individual is based upon the belief that the
individual is in a position to control the conduct of the entity
which is the primary infringer. *Id.* Lack of knowledge of the
infringing activity, however, is not a defense; nor is the fact
that independent contractors hired by defendants performed the
infringing musical compositions. *See EMI April Music*, 618 F.
Supp. 2d at 507. Indeed, "[e]ven when a restaurant proprietor

instructs band members not to perform copyrighted music at his establishment, or inserts a provision to that effect in the band's contract, such proprietor cannot escape vicarious liability when he has a right to supervise and a financial interest in such performance." *Id.* (citing cases). Accordingly, the fact that "[t]he selection of songs played at the Defendants' club is determined by non-employee, independent contractors who are hired to play music at the club," does not absolve Defendant Daley of liability. Defs.' Response to Pls.' SMF ¶¶ 15-16. Therefore, because it is undisputed that Defendant Daley had the right and ability to supervise the infringing activity, and because Defendant Daley had a financial interest in the infringing activity through his operation of the profit-making establishment, the Court concludes that Defendant Daley is jointly and severally liable, along with his co-defendant Zanzibar on the Waterfront, LLC, for the copyright infringements that are the subject of this action.

### C.  Statutory Damages & Relief

Having found defendants jointly and severally liable for the infringing behavior, the Court will now address the question of damages and relief.

#### 1.  Statutory Damages

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c)(1). Section 504(c)(1) directs the Court to award a

copyright owner an amount "not less than $750 or more than $30,000" for each piece of work infringed. 17 U.S.C. § 504(c)(1). In a case where a defendant has willfully violated a copyright, the Court "may increase the award of statutory damages to a sum of not more than $150,000" for each piece of work infringed. *Id.* § 504(c)(2).[6]

It is important to note that statutory damages "are intended not merely for the restitution of reparation of injury, but to deter wrongful conduct." *EMI April Music*, 618 F. Supp. 2d at 508 (internal quotation marks omitted). As the Supreme Court has long recognized:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct.

*F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). Indeed, in cases such as this, courts have routinely awarded statutory damages in amounts between two and three times

_____

[6] Defendants contend that "the failure to pay a license fee to [ASCAP] does not demonstrate willful conduct on the part of the defendants in this case for copyright infringement." Defs.' Response to Pls.' SMF ¶¶ 15-16. The Court need not decide this issue, however, as plaintiffs are only seeking damages pursuant to 17 U.S.C. § 504(c)(1). *See* Pls.' Reply Br. at 16 ("[B]ecause plaintiffs seek statutory damages under 17 U.S.C. § 504(c)(1), a finding of willfulness is not necessary for the award of damages requested by plaintiffs.").

the license fees. *EMI April Music*, 618 F. Supp. 2d at 508 (citing cases).

Plaintiffs represent that had defendants been properly licensed by ASCAP to date, defendants would owe approximately $26,395.15 in license fees and finance charges. Pls.' Mot. at 24 (citing Pls.' Ex. I, Declaration of Douglas Jones ¶ 23). Plaintiffs argue that an award of damages equivalent to the ASCAP license fees, however, is insufficient to deter defendants from continued infringement of copyrighted music, and urge the Court to award damages of $10,000 per infringement – for a total of $60,000.

The Court agrees that damages in the amount of the ASCAP license fee, alone, are insufficient to deter defendants from additional copyright infringements. Indeed, after this lawsuit was filed, plaintiffs had to amend their complaint to add an additional claim of copyright infringement which occurred on February 1, 2009 – five months after plaintiffs had instituted this action. Accordingly, the Court concludes that damages in the amount of $6,000 per infringement are warranted for the unlawful performances of "Cha Cha Slide," "Around the Way Girl," "In Da Club," "Jamming," and "Is This Love," which occurred on November 16, 2007, for a total of $30,000 (which is slightly more than the total ASCAP license fee "saved"). The Court concludes that damages in the amount of $10,000 are warranted for the

unlawful performance of "Big Poppa," which occurred several months after this lawsuit was filed and therefore after defendants were put on notice of their infringing activity.[7] Defendants are therefore jointly and severally liable in the amount of $40,000 in statutory damages.

    2.  <u>Injunctive Relief</u>

Plaintiffs also seek a permanent injunction prohibiting defendants from publicly performing any of the copyrighted musical compositions in the ASCAP repertory.  Pls.' Mot. at 19-20.  Pursuant to 17 U.S.C. § 502(a), the Court may grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  Because plaintiffs have established that defendants have repeatedly infringed upon their copyrights by unlawfully performing their musical compositions, and in view of defendants' unwillingness to renew their ASCAP license despite

---

[7]    The Court also notes, however, that well before this action was filed, defendants were informed by ASCAP that a performance of any musical composition in the ASCAP repertory would constitute an actionable infringement.  *See, e.g.*, Pls.' Ex. E-6, Letter from ASCAP to Michael Daley, dated September 5, 2006 ("I am writing to inform you once again that your ASCAP license was terminated for default on 08/15/2006. . . . We advised you of your potential liability under the United States Copyright Law for infringing performances of our members' copyrighted musical compositions and requested payment of past due fees so that your license could remain in effect enabling you to perform our members' works lawfully.  Despite our efforts, you remain unlicensed.").

ASCAP's repeated efforts, the Court concludes that a permanent injunction is warranted. *See, e.g.*, *EMI April Music, Inc.*, 618 F. Supp. 2d at 511-12 (permanently enjoining defendants from directly or indirectly infringing on the copyrights of all ASCAP members); *Joelsongs*, 491 F. Supp. 2d at 1085-86 (same); *Odnil Music Ltd.*, 2006 WL 2545869, at *9 (same). Accordingly, the Court hereby **ORDERS** that defendants and all persons acting under the direction, control, permission, or authority of defendants are permanently **ENJOINED AND RESTRAINED** from publicly performing, or causing to be performed, or aiding and abetting the public performance of, any and all music in the ASCAP repertory without proper authorization.

### 3. <u>Reasonable Costs and Attorney's Fees</u>

Finally, plaintiffs seek reasonable costs and attorney's fees in the amount of $74,712.22. *See* Pls.' Mot. at 24-28; *see also* Pls.' Ex. L, Declaration of Benjamin L. Zelenko in Support of Attorney's Fees and Costs. 17 U.S.C. § 505 permits "the court in its discretion" to award "the recovery of full costs by or against any party" as well as "reasonable attorney's fees to the prevailing party." 17 U.S.C. § 505. Considering all the facts in this case, including plaintiffs' interest in vindicating the rights provided to them by Congress in the Copyright Act, plaintiffs' need to amend its complaint to add an additional infringement, and the protracted nature of this litigation, the

23

Court concludes that an award of costs and attorney's fees is warranted.  Having carefully reviewed the Declaration of Mr. Zelenko, the Court concludes that an award of attorney's fees in the amount of $69,145.00 and costs of $5,567.22 is reasonable. Defendants are therefore jointly and severally liable in the amount of $74,712.22 for attorney's fees and costs.

**IV.  CONCLUSION**

For the foregoing reasons, plaintiffs' motion for summary judgment is **GRANTED**.  An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:**       **Emmet G. Sullivan**
                  **United States District Court Judge**
                  **March 26, 2010**